[No. 28404-9-II.  Division Two.  February 7, 2003.]

WEST HILL, L.L.C., *Appellant,* v. THE CITY OF OLYMPIA, *Respondent.*

---

*Matthew B. Edwards* (of *Owens Davies, P.S.*), for appellant.

*Bob Sterbank, City Attorney,* and *Mark O. Erickson* (of *LOTT Wastewater Alliance*), for respondent.

BRIDGEWATER, J. — A city of Olympia hearing examiner denied West Hill's application for preliminary plat approval because of an alleged violation of chapter 58.17 RCW. The alleged violation occurred in 1980 when former owners of West Hill's property divided the property into four parcels within five years of the original short subdivision. We must decide (1) whether the provisions of chapter 58.17 RCW were rendered inapplicable by the large lot exemption under RCW 58.17.040(2), and (2) whether a valid term of the 1976 short subdivision, which mirrors the five-year prohibition against subdivision contained in Olympia ordinances and the RCW, has independent force. Because the large lot exemption applies by its plain language, and because the short subdivision's five-year prohibition has no independent regulatory effect, we reverse the superior court and remand with instructions that West Hill's application be processed.

In 1976, Jack Elliot and A.L. Parks owned a large parcel of land in the city of Olympia. They recorded Short Subdivision # 5017 (SS 5017) in March of that year. SS 5017 divided the original parcel into two lots, 1 and 2. Lot 1 is not further relevant. In 1978, Elliot made two conveyances involving Lot 2. One conveyance, of a small portion known as the "Homeport Parcel," is not further relevant. The remaining portion of Lot 2 was conveyed to a general partnership known as M.B. Associates. In 1980, M.B. Associates conveyed its interest in Lot 2 to Donald MacDonald and Brad Corner, as cotrustees, via four separate real estate contracts (these conveyances are known collectively as "the 1980 division"). Each contract conveyed a distinct portion of Lot 2, and the resulting portions are known as

Lots A, B, C, and D. Lots A, B, C, and D are each greater than five acres. Cliff Mulberg purchased the northernmost of these lots, Lot A, in 1988. In December 1998, Corner deeded Lots B, C, and D to West Hill, L.L.C.

Seeking to subdivide these lots, West Hill filed a preliminary plat application with the Community Planning and Development Department (Department). West Hill planned to develop a 150-lot residential subdivision called Evergreenhills.com. West Hill's application vested on June 27, 2000. The Department denied West Hill's application. West Hill appealed to the city's hearing examiner. The hearing examiner affirmed the Department, holding that (1) the 1980 division was illegal, (2) because of that illegality, Lot 2 was never divided under subdivision law, and (3) all owners of land within Lot 2, including Mulberg, must participate in the subdivision process.[1] West Hill appealed to the Olympia City Council (City Council). That body affirmed the hearing examiner. Thurston County Superior Court then affirmed the City Council on West Hill's subsequent land use petition.

West Hill challenged the City Council's decision under the Land Use Petition Act (LUPA), chapter 36.70C RCW. LUPA provides a statutory standard of review for land use petitions. Under RCW 36.70C.130(1), we may grant relief from a land use decision if West Hill carries its burden in establishing one of six standards of relief:

(a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;

(b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;

---

[1] Although the hearing examiner concluded that the lot boundaries for Lots A, B, C, and D effectively merged back into Lot 2, he did not decide whether the owners of Lots A, B, C, and D were stripped of their ownership interests due to the illegal division. The hearing examiner stated "Without attempting to decide ownership interests, it is likely that Mr. Mulberg would be recognized as having full ownership interests in Lot A, even though the lot itself was illegally created." Administrative Record (AR) at 300.

(c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;

(d) The land use decision is a clearly erroneous application of the law to the facts;

(e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or

(f) The land use decision violates the constitutional rights of the party seeking relief.

RCW 36.70C.130(1). To grant relief under this chapter, we need not find that the City Council engaged in arbitrary and capricious conduct. RCW 36.70C.130(2). Also, we base our review on the record created before the hearing examiner. RCW 36.70C.120(1), .130(1).

West Hill argues that this court should review its LUPA appeal de novo because the case presents purely legal issues of statutory construction and application. The city agrees that de novo review applies to issues of statutory construction but asserts that, because various hearing examiner and City Council decisions applied law to facts, those decisions cannot be overturned unless clearly erroneous. The city correctly identifies the applicable standards. Those standards are noted in the proper discussion sections.

## I. Effect of RCW 58.17.040(2)[2]

West Hill argues that RCW 58.17.040(2) exempted the 1980 division from compliance with RCW 58.17.060(1). RCW 58.17.040(2) states, as it did in 1980, that

The provisions of this chapter shall not apply to:

. . . .

---

[2] West Hill does not assign error to the hearing examiner's conclusion that former Olympia Municipal Code (OMC) 13.32.020(6) (1975), which mirrors RCW 58.17.040(2), did not preclude application of city platting requirements, which include a five-year restriction identical to RCW 58.17.060(1). Even if West Hill had properly assigned error, the present analysis would not differ because the operative provisions in each regulatory scheme are similar.

(2) Divisions of land into lots or tracts each of which is . . . five acres or larger if the land is not capable of description as a fraction of a section of land . . . .

RCW 58.17.040(2). The city does not contend that the 1980 division was not a "division," that each parcel created was not at least five acres, or that the land is capable of description as a fraction. Rather, the city argues that the provision applies only to divisions of *unplatted* property, where the need for platting regulation is not critical. The city argues that where, as here, the division is of *already platted* property, the public interest requires compliance with platting regulations.

The city's argument attempts to interject principles of statutory construction—gleaning legislative intent by resort to the public interest—into the analysis of RCW 58.17.040(2). Although the goal of statutory construction is to decipher legislative intent, the various construction methods are unnecessary when the statute is clear. In that case, legislative intent is derived from the statute's words alone. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001). As RCW 58.17.040(2) is clear as to the exemption it creates, and because that provision does not confine itself to unplatted property, we will not consider the city's assertion in deciding whether the hearing examiner's decision[3] was clearly erroneous.

A decision is clearly erroneous when the reviewing court is " 'left with the definite and firm conviction that a mistake has been committed.' " *Norway Hill Pres. & Prot. Ass'n v. King County Council*, 87 Wn.2d 267, 274, 552 P.2d 674 (1976) (quoting *Ancheta v. Daly*, 77 Wn.2d 255, 259-60, 461 P.2d 531 (1969)).

The hearing examiner concluded that RCW 58.17.040(2) exempted the 1980 division only if the 1980 transactions "are viewed in isolation." Administrative Record (AR) at 297. The hearing examiner reasoned,

---

[3] Although this court, as did the superior court, sits in review of the City Council, the hearing examiner's findings and conclusions are at issue because the City Council adopted them in full.

[t]hose transactions, though, involved land which had already been divided through the 1976 short subdivision. The five-year restriction of RCW 58.17.060 and [former] OMC [Olympia Municipal Code] 13.32.040(a) [(1975)] ineluctably applied to the land divided through the 1976 short subdivision. That restriction was not somehow taken out of effect because that land could also have been divided in the same way through an unregulated large lot division in 1980.

AR at 297. Therefore, the hearing examiner held, RCW 58.17.060 and former OMC 13.32.040(a) (1975) applied to the 1980 division.

Although the five-year restriction was not "taken out of effect" because the 1980 division could have been done differently, it was "taken out of effect" by RCW 58.17.040 (2)'s unambiguous mandate. The statute applies to "divisions" of land into lots or tracts of at least five acres. The city does not assert that these specifics are not satisfied. And, we are not considering the city's re-plat argument because the statute's language is clear and construction devices are thus inappropriate. Therefore, the only reasonable conclusion is that RCW 58.17.040(2) exempted the 1980 division. As the hearing examiner concluded differently, his conclusion was clearly erroneous.

## II. Effect of SS 5017 and former OMC 13.32.040

RCW 58.17.060 requires that the legislative body of a city adopt certain regulations and procedures. The statute states, "PROVIDED, That such regulations must contain a requirement that land in short subdivisions may not be further divided in any manner within a period of five years without the filing of a final plat." RCW 58.17.060. The city of Olympia adopted the required regulation at former OMC 13.32.040,[4] and the Olympia code carries with it the same large lot exemption as RCW 58.17.040(2):

---

[4] Former OMC 13.32.040 provided, in pertinent part, that

(a) Land within a short subdivision the short plat of which has been approved within five years immediately preceding, may not be further divided in any manner, until a final plat thereof has been approved and filed for record

The provisions of this chapter shall not apply to:

. . . .

(6) Any division of land into lots, tracts or parcels where the smallest lot is one/one hundred twenty-eighths of a section of land or larger, or is *five acres or larger* if the land is not capable of description as a fraction of a section of land.

Former OMC 13.32.020(6) (1975) (emphasis added).

Pursuant to chapter 58.17 RCW, the original parties to SS 5017 made the short subdivision subject to various "covenants and conditions." AR at 24. One of the "covenants and conditions" states

[T]hat the land described by this declaration may not be further divided in any manner exceeding a total of four (4) parcels by anyone within five (5) years of [March 31, 1976] without a final plat, having been filed for record with the Auditor of Thurston Co[u]nty, pursuant to the provisions of Ch. 58.17 RCW, and the regulations of the platting and subdivision ordinance and subject to penalties attendant thereto.

AR at 24.

■■ Although this provision in the short subdivision does not contain the large lot exemption, which is in contrast to the statute and the subdivision ordinance, the provision does not stand independently; it was placed in the short subdivision "pursuant to the provisions of Ch. 58.17 RCW" and the "regulations of [Olympia's] platting and subdivision ordinance . . . ." AR at 24. The provision references both regulatory schemes and was thus intended to merely implement the rules and regulations prescribed by those schemes. Among those rules and regulations is the large lot exemption created at RCW 58.17.040(2) and former OMC 13.32.020(6). Because the provision implements the referenced regulatory schemes in their entirety, the large lot exemption precludes application of the five-year prohibition set forth specifically in SS 5017.

pursuant to city of Olympia regulations concerning the subdivision of property into five or more lots, tracts or parcels.

The hearing examiner specifically concluded that "the 1980 conveyances violated the terms of [SS 5017]." AR at 296. As this decision ignores the large lot exemptions created by RCW 58.17.040(2) and former OMC 13.32-.020(6), it was not a valid basis for determining that the 1980 division was illegal. Therefore, the hearing examiner's decision regarding SS 5017's five-year prohibition was clearly erroneous.

Because of the above decisions, we need not address West Hill's argument on appropriate remedies or the innocent purchaser for value exception under RCW 58.17.210. We reverse the City Council's decision refusing to process West Hill's preliminary plat application, and we remand with instructions that the application be processed.

HOUGHTON and ARMSTRONG, JJ., concur.